AO 91 (Rev. 11/11)  Criminal Complaint

# UNITED STATES DISTRICT COURT
for the
District of Oregon

| United States of America | ) | **SEALED** |
|---|---|---|
| v. | ) | |
| | ) | Case No.  3:20-mj-00223 |
| Michelle Peterson O'Connor | ) | |
| *Defendant(s)* | | |

## CRIMINAL COMPLAINT
## BY TELEPHONE OR OTHER RELIABLE ELECTRONIC MEANS

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.
On or about the date(s) of  August 24, 2020  in the county of  Multnomah  in the
District of  Oregon , the defendant(s) violated:

| Code Section | Offense Description |
|---|---|
| 18 U.S.C. § 231(a)(3) | Civil Disorder - Intentionally Obstructing, Impeding, Interfering with Law Enforcement Officers Engaged in Official Duties |

This criminal complaint is based on these facts:

See attached affidavit of FBI Special Agent Landon Berryman

☑ Continued on the attached sheet.

/s/ Landon Berryman
*Complainant's signature*

FBI Special Agent Landon Berryman
*Printed name and title*

Attested to by the applicant in accordance with the requirements of Fed. R. Crim. P. 4.1 by telephone at 11:09 a.m.

Date: 08/30/2020

*Youlee Yim You*
*Judge's signature*

City and state: Portland, Oregon

Hon. Youlee Yim You, U.S. Magistrate Judge
*Printed name and title*

DISTRICT OF OREGON, ss:                              AFFIDAVIT OF LANDON BERRYMAN

**Affidavit in Support of a Criminal Complaint and Arrest Warrant**

I, Landon Berryman, being duly sworn, do hereby depose and state as follows:

**Introduction and Agent Background**

1.      I am a Special Agent with the Federal Bureau of Investigation (FBI) and have been since September of 2018.  I am currently assigned to the Portland Division Violent Crimes squad, which investigates a variety of violations dealing with the Federal Criminal Code.  Prior to working in the FBI, I was a sworn peace officer in Arizona from 2011 to 2018.  I am a graduate of the FBI Academy in Quantico, Virginia, and have completed extensive training in numerous areas of law enforcement investigations and techniques, including computer-related crimes, search warrant execution, and violent crimes such as bank robberies and kidnappings.  I have been empowered under Title 18, United States Code, Sections 3052 and 3053, and Rule 4 of the Federal Rules of Criminal Procedure, to conduct investigations and make arrests for federal criminal offenses, including violations of 18 U.S.C. § 231(a)(3) (civil disorder – obstruction of law enforcement); 18 U.S.C. § 2101 (riot); and 18 U.S.C. § 371 (conspiracy).

2.      I submit this affidavit in support of a criminal complaint and arrest warrant for Michelle Peterson O'Connor, for civil disorder in violation of 18 U.S.C. § 231(a)(3).  As set forth below, there is probable cause to believe, and I do believe, that O'Connor threw a hard object capable of causing injury at a law enforcement officer and assaulted a public safety officer for the purpose of obstructing, impeding, or interfering in a violent manner with such law enforcement officers; that she did so knowingly and willfully; and that she did so during a civil disorder that adversely affected interstate commerce.

## Applicable Law

3.  Title 18 U.S.C. § 231(a)(3) provides that "whoever commits or attempts to commit any act to obstruct, impede, or interfere with any fireman or law enforcement officer lawfully engaged in the lawful performance of his official duties incident to and during the commission of a civil disorder which in any way or degree obstructs, delays, or adversely affects commerce or the movement of any article or commodity in commerce . . . shall be fined under this title or imprisoned not more than five years or both." The term "civil disorder" means "any public disturbance involving acts of violence by assemblages of three or more persons, which causes an immediate danger of or results in damage or injury to the property or person of any other individual."

## Statement of Probable Cause

4.  On August 24, 2020, Portland Police Bureau Sergeant Justin Damerville was a member of the Portland Police Bureau (PPB) Rapid Response Team (RRT) conducting crowd control duties in relation to a declared riot at the Portland Police Northeast Precinct located at 449 NE Emerson Street, Portland, Oregon 97211.

5.  An unruly crowd near NE Emerson and NE Martin Luther King Jr. Blvd engaged in criminal activity. The crowd blocked NE Martin Luther King Jr. Blvd to vehicular traffic and set a dumpster on fire in the middle of the street. An unlawful assembly/riot was announced by PPB. The announcements were communicated the sound truck and were made numerous times throughout the night. The lawful orders were not followed. These orders included warnings about the use of force. Still, the unruly crowd did not leave the area.

6. At approximately 1:00 a.m., all mobile field forces and RRT members were tasked to make arrests on subjects who had not left after an unlawful assembly/riot was announced. This was the second time Portland Police Officers assigned to those unruly events were tasked to make arrests.

7. PPB Officer F. Barron observed Sgt. Damerville engaged in an arrest of a male subject on the street. While Sgt. Damerville was arresting the subject, O'Connor was seen picking up a black helmet from the ground and, from a distance of three to five feet, throwing the helmet at Sgt. Damerville, striking him in the head. Sgt. Damerville was wearing his PPB helmet when he was struck. He later said his "bell was rung" from the strike to the head and he had neck pain as a result.

8. PPB Officers arrested O'Connor after witnessing the assault. During the interview and processing of O'Connor, PPB Detective B. Declercque overheard O'Connor talking with another arrested subject who was in the same area. O'Connor said she was attempting to "un-arrest" a friend when she hit the officer, and admitted she made a mistake.

9. Detective Declercque read O'Conner her *Miranda* warnings at 3:29 a.m. and she agreed to be interviewed and answer his questions. O'Connor said she attended the protest because she felt that the police needed to be defunded in order to enact criminal justice reform. She said she was about to leave the protest near NE MLK/Killingsworth when officers began arresting her good friend, who was standing next to her. O'Connor said officers had her friend on the ground and one officer was physically on top of her friend. O'Connor said she was upset and was worried her friend might be hurt while being arrested. O'Connor said she observed a

helmet lying on the ground nearby. O'Connor said she picked up the helmet and intentionally struck one of the officers in the head with the helmet. O'Connor said the officer was wearing a helmet when she struck him. O'Connor said she intentionally targeted the officer that was on top of her friend. O'Connor said she aimed for the officer's head and struck him on the side of his helmet.

## Conclusion

10.     Based on the foregoing, I have probable cause to believe, and I do believe, that Michelle Peterson O'Connor intentionally obstructed, impeded, and interfered with a police officer who was engaged in the lawful performance of his duties; and these actions took place during a civil disorder that adversely affected interstate commerce in violation of 18 U.S.C. § 231(a)(3). I therefore request that the Court issue a criminal complaint and arrest warrant for Michelle Peterson O'Connor.

11.     Prior to being submitted to the Court, this affidavit, the accompanying complaint and the arrest warrant were all reviewed by Assistant United States Attorney (AUSA) Thomas S. Ratcliffe. AUSA Ratcliffe advised me that, in his opinion, this affidavit is legally and factually sufficient to establish probable cause to support the issuance of the requested criminal complaint and arrest warrant.

## Request for Sealing

12.     I respectfully request that the Court issue an order sealing, until further order of the Court, all papers submitted in support of the requested criminal complaint and arrest warrant. I believe that sealing these documents is necessary because any disclosure of the information at

this time may endanger the life or physical safety of an individual, cause flight from prosecution, or otherwise seriously jeopardize an investigation, including the planned arrest of the defendant.

**/s/ Landon Berryman**
Landon Berryman
Special Agent,
Federal Bureau of Investigation

    Sworn in accordance with the requirements of Fed. R. Crim. P. 4.1 by telephone at 11:09 a.m. on August 30, 2020.

*Youlee Yim You*
_____
HONORABLE YOULEE YIM YOU
United States Magistrate Judge